UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANDREY CHURSOV,

                          Plaintiff,                  18-cv-2886 (PKC)

    -against-                                 OPINION
                                                    AND ORDER

LOREN MILLER et al.,

                          Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Andrey Chursov brought a challenge to the decision of the United States Citizenship and Immigration Services ("USCIS") denying him a visa as an "alien of extraordinary ability." The Court granted in substantial part plaintiff's motion for summary judgment and denied the government's motion for summary judgment. (Opinion and Order of May 13, 2019 ("Op."); Doc 46.) Plaintiff now moves for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For reasons explained below, plaintiff's motion will be granted.

The Basis for Plaintiff's Claim for Fees and Expenses

        The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In opposing the motion, the government does not dispute that Chursov meets the statutory requirements of a "party" in that his "net worth did not exceed $2,000,000 at the time the civil action was filed." Id. § 2412(d)(2)(B)(i). The government also concedes that he "prevailed on the merits." (Gov't Mem. at 1; Doc 53.) This concession is consistent with the holding of four Circuits that a party who secures a remand to an administrative agency for further proceedings based upon errors of that agency is a prevailing party. SecurityPoint Holdings, Inc. v. Transportation Sec. Admin., 836 F.3d 32, 39 (D.C. Cir. 2016); Johnson v. Gonzales, 416 F.3d 205, 209–10 (3d Cir. 2005); Muhur v. Ashcroft, 382 F.3d 653, 654–55 (7th Cir. 2004); Rueda–Menicucci v. INS, 132 F.3d 493, 495 (9th Cir. 1997).

The government's principal argument is that its position was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). A position is substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988). It is the government's burden to show that its position—either in litigation or in its "prelitigation conduct"—was substantially justified. Healy v. Leavitt, 485 F.3d 63, 67 (2d Cir. 2007); Commodity Futures Trading Comm'n v. Dunn, 169 F.3d 785, 786 (2d Cir. 1999) ("Once a party has demonstrated that it is a prevailing party under the EAJA, the burden shifts to the government to demonstrate that its litigation position was 'substantially justified'"). As support for its prelitigation position, the government points to the "agency's reasoned analysis and the legal support for its view. . . ."[1] (Doc 53 at 5.) But a cursory review of the Court's May 13 Opinion and Order demonstrates that the agency's actions were found to be arbitrary, capricious, and without foundation in the record:

---

[1] Chursov also argues that the government's litigation position was unreasonable because it did not engage with Chursov's counsel's "attempt to avoid litigation." (Doc 49 at 7-8.) The Court does not reach this argument because the government's prelitigation conduct was not substantially justified, which is a sufficient basis to grant Chursov's motion.

> The failure to adequately consider the totality of the submission was arbitrary and capricious. (Op. at 7.)
>
> USCIS has not adequately explained why these submissions, when considered as a whole, do not constitute evidence of originality. (Id. at 8.)
>
> USCIS similarly failed to adequately consider the totality of the submission when evaluating evidence of major significance in the field. (Id. at 9.)
>
> [T]he agency failed to examine the opinion letters for evidence of major significance, directly contradicting its Policy Manual. . . . (Id.)
>
> USCIS has not adequately explained why these submissions do not provide evidence of a contribution of major significance. (Id. at 10.)

The Court concludes that USCIS's position was not substantially justified because a reasonable person would not find it to have a basis in fact and law at the time it was rendered. Pierce, 487 U.S. at 566 n.2.

Fees

Plaintiff seeks an award of $42,228.60 for his fees incurred through the filing of counsel's reply brief on the fee application. The parties agree that the EAJA permits an award based upon a maximum hourly rate of $205 unless an enhanced rate is justified. Plaintiff's fee application is premised upon enhanced rates of $350 an hour for Gregory Romanovsky and $250 an hour for Livia Lungulescu.

The issue on an enhanced-rate EAJA fee application is whether "'distinctive knowledge or specialized skill'" was required. Healey, 485 F.3d at 69 (quoting Pierce, 487 U.S. at 572). "[A] case requires 'specialized expertise' within the meaning of the EAJA only when it requires some knowledge or skill that cannot be obtained by a competent practicing attorney through routine research or legal experience." Id. at 70. The Court can discern no distinctive knowledge or specialized skill that was required to bring this proceeding to review agency action. A competent lawyer, through routine research, could have learned the standard for granting a visa under § 203(b)(1)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C.

§ 1153(b)(1)(A), and accompanying regulations, and determined whether the administrative record supported the agency's findings in denying the visa. The Court concludes that no enhanced rate is warranted and Mr. Romanovsky and Ms. Lungulescu's fees will be calculated at $205 per hour.

The Court has reviewed the government's other challenges (billing for clerical work, vague billing entries, redundant, excessive or unnecessary work) and finds them to be unsupported by the record. Two other challenges of the government are worthy of note. It argues that the fees should be reduced because Chursov achieved only limited success because the Court remanded the matter to the USCIS rather than entered judgment for the ultimate relief he sought. While the extent of success is a relevant consideration, this was not a limited remand to correct some technical oversight. The remand went to the very heart of USCIS's denial of the visa. No reduction for limited success is warranted.

The Court also rejects the government's argument that time incurred prior to the filing of the complaint is unrecoverable. The Court construes the language of the EAJA permitting recovery of "fees and other expenses . . . incurred by that party in any civil action," 28 U.S.C. § 2412(d)(1)(A), to include fees and expenses that are reasonably related to the institution of the action. Thus, Chursov may recover the 9.2 hours incurred in consultations with counsel, the Office of the United States Attorney and the Office of Chief Counsel of the USCIS prior to instituting the action.

The total hours of 119.4 hours billed by Mr. Romanovsky and Ms. Lungulescu are reasonable and awarded at the rate of $205 per hour for a total of $24,477.

CONCLUSION

Plaintiff's motion for attorney's fees (Doc 49) is GRANTED. The Clerk shall amend the judgment (Doc 47) to include an award to plaintiff of $24,477 in attorney's fees and $438.60 in expenses, inclusive of taxable costs.

SO ORDERED.

*P. Kevin Castel*
United States District Judge

Dated: New York, New York
      October 10, 2019